Best Modular Structures, Sets & Servs., LLC v Flynn (2020 NY Slip Op 07022)





Best Modular Structures, Sets & Servs., LLC v Flynn


2020 NY Slip Op 07022


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-02132
 (Index No. 615376/17)

[*1]Best Modular Structures, Sets & Services, LLC, plaintiff, 
v
Karen Flynn, appellant.


Soffey & Soffey LLC, Garden City, NY (Joseph E. Soffey and Douglas M. Soffey of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated February 1, 2019. The order denied the defendant's motion to vacate a judgment of the same court entered March 12, 2018, upon her default in appearing or answering the complaint, in favor of the plaintiff and against her in the total sum of $92,048.88.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2017, the plaintiff commenced this action to recover the unpaid balance due for construction work it provided to the defendant. The defendant failed to appear or answer the complaint. On March 12, 2018, a judgment was entered upon the defendant's default, in favor of the plaintiff and against her in the total sum of $92,048.88. Thereafter, the defendant moved to vacate the default judgment. Determining that the defendant failed to demonstrate that her default was excusable, the Supreme Court denied the defendant's motion. The defendant appeals.
In support of her motion, the defendant submitted an affidavit, in which she averred that, upon being served with the summons and complaint, she immediately gave the documents to her attorney. According to the defendant, her attorney informed her "that he might have a conflict of interest problem," and that "if that were the case he would notify [her]." Based upon this statement by her attorney, the defendant asserts that she believed that her interests were adequately being protected by her attorney. The defendant had no subsequent contact with her attorney until after she learned of the default judgment. She did not further inquire whether he could represent her.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015[a][1]; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893). A motion to vacate a default is addressed to the sound discretion of the court (see Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246). Law office failure may qualify as a reasonable excuse for a party's default provided the claim of such failure is supported by a detailed and credible explanation of the default (see Torres v Rely On Us, Inc., 165 AD3d 731, 733).
The Supreme Court providently exercised its discretion in rejecting the defendant's [*2]proffered excuse of law office failure. The defendant's unsubstantiated claim that she believed she was being defended because she received no further communication from her attorney does not constitute a reasonable excuse for her default (see Deutsche Bank Natl. Trust Co. v Mladen, 176 AD3d 1170, 1171; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; Ateres Hasofrim, Inc. v Kralik, 78 AD3d 1091, 1091-1092; Fishman v Beach, 246 AD2d 779, 780; Woodward v Eighmie Moving & Stor., 151 AD2d 892, 894).
Since the defendant failed to demonstrate a reasonable excuse for her default in answering the complaint, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court