Bank of N.Y. Mellon Trust Co. N.A. v Hsu (2022 NY Slip Op 02523)

Bank of N.Y. Mellon Trust Co. N.A. v Hsu

2022 NY Slip Op 02523

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-02424
 (Index No. 703556/16)

[*1]Bank of New York Mellon Trust Co. National Association, etc., appellant, 
v
William H. Hsu, etc., respondent, et al., defendants.

Akerman LLP, New York, NY (Jason D. St. John and Jordan M. Smith of counsel), for appellant.
Taylor & Cohen LLP, New York, NY (Robert Cohen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered January 30, 2020. The order denied the plaintiff's motion for a judgment of foreclosure and sale and to confirm a referee's report, and granted those branches of the motion of the defendant William H. Hsu which were, in effect, to vacate so much of two orders of the same court dated April 10, 2017, and September 5, 2018, as granted the plaintiff's unopposed motion for an order of reference and for leave to enter a default judgment against that defendant, entered upon his failure to appear in the action or answer the complaint, and for leave to serve a late answer.
ORDERED that the order entered January 30, 2020, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for a judgment of foreclosure and sale and to confirm the referee's report is granted, and those branches of the motion of the defendant William H. Hsu which were, in effect, to vacate so much of the two orders of the same court dated April 10, 2017, and September 5, 2018, as granted the plaintiff's unopposed motion for an order of reference and for leave to enter a default judgment against that defendant, and for leave to serve a late answer are denied.
In November 2001, the defendant William H. Hsu (hereinafter the defendant) executed a promissory note in the sum of $316,000 in favor of ABN AMRO Mortgage Group, Inc. The note was secured by a mortgage encumbering residential property in Queens.
In March 2016, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others, alleging that he breached his obligations under the mortgage by failing to make the payment due on April 1, 2010, and all payments due thereafter. The defendant failed to appear or interpose an answer. In two orders dated April 10, 2017, and September 5, 2018 (hereinafter the two default orders), the Supreme Court, inter alia, granted the plaintiff's unopposed motion for an order of reference and for leave to enter a default judgment against the defendant.
In April 2019, the plaintiff moved for a judgment of foreclosure and sale and to [*2]confirm a referee's report. The defendant opposed, and separately moved, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the two default orders as granted the plaintiff's unopposed motion for an order of reference and for leave to enter a default judgment against him, and for leave to file a late answer. In support of his motion, the defendant submitted an affidavit in which he claimed that he hired a foreclosure advisory firm to assist him, but that the company failed to do so and ultimately went out of business. By order entered January 30, 2020, the Supreme Court denied the plaintiff's motion for a judgment of foreclosure and sale and to confirm the referee's report, and granted those branches of the defendant's motion which were to vacate the subject portions of the two default orders, and for leave to serve a late answer, invoking the court's power to vacate a judgment in the interest of justice. The plaintiff appeals.
"Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692, quoting 40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305).
"Although the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008; Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 939). Here, the defendant failed to provide any evidence that the two default orders entered in this action were the result of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1674-1675; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 693; Wells Fargo Bank, N.A. v Choo, 159 AD3d at 939). Accordingly, the Supreme Court improvidently exercised its discretion in vacating the defendant's default in the interest of justice.
Nor did the defendant establish a reasonable excuse for his default based on law office failure. In order to obtain relief from a default judgment pursuant to CPLR 5015(a)(1), a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Emigrant Sav. Bank v Burke, 199 AD3d 652; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785). "The court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default, but conclusory and unsubstantiated allegations of law office failure are not sufficient" (U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005, 1007 [alterations, citation, and internal quotation marks omitted]; see CPLR 2005; Hudson City Sav. Bank v Augustin, 191 AD3d 774). "[M]ere neglect is not a reasonable excuse" (Hudson City Sav. Bank v Augustin, 191 AD3d at 775 [internal quotation marks omitted]). Here, the defendant's conclusory and unsubstantiated claim of law office failure does not establish a reasonable excuse for his default (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; U.S. Bank N.A. v Barr, 139 AD3d 937, 938). Moreover, the record demonstrates a pattern of willful default and neglect by the defendant over a two-year period, during which he was served with legal notices related to the action that he ignored (see Wexler v Kinder Stuff 2010, LLC, 151 AD3d 909, 910; Skutelsky v JN Natural Fruit Corp., 138 AD3d 1099, 1100; Roussodimou v Zafiriadis, 238 AD2d 568, 569).
Since the defendant failed to establish a reasonable excuse, it is not necessary to determine whether he demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1674; Best Modular Structures, Sets & Services, LLC v Flynn, 188 AD3d 1130, 1132).
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court