Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC (2022 NY Slip Op 05157)

Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC

2022 NY Slip Op 05157

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2021-00401
 (Index No. 601774/20)

[*1]Kamil El-Deiry & Associates CPA, PLLC, respondent,
v
Excellent Home Care Services, LLC, appellant.

Barry R. Feerst (Law Office of Abigail Shvartsman, P.C., Brooklyn, NY, of counsel), for appellant.
Forchelli Deegan Terrana, LLP, Uniondale, NY (Raymond A. Castronovo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated December 14, 2020. The order denied the defendant's motion pursuant to CPLR 5015(a)(1) and 2005 to vacate a judgment of the same court entered July 31, 2020, upon its default in appearing or answering the complaint.
ORDERED that the order is affirmed, with costs.
In January 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract alleging that it had performed certain accounting services for the defendant for which the defendant failed to pay. The defendant failed to appear or answer the complaint. On July 31, 2020, a judgment was entered upon the defendant's default, in favor of the plaintiff and against the defendant in the total sum of $109,619.09. Thereafter, the defendant moved pursuant to CPLR 5015(a)(1) and 2005 to vacate the judgment. In an order dated December 14, 2020, the Supreme Court denied the defendant's motion, and the defendant appeals.
The defendant's motion pursuant to CPLR 5015(a)(1) and 2005 to vacate the judgment was properly denied, albeit on a different ground than that relied upon by the Supreme Court. Although the court determined that a request for judicial intervention filed by the defendant failed to comply with 22 NYCRR 202.70(d), it should not have denied the motion on that ground, as that ground was not raised by the parties, and the defendant had no opportunity to address the issue (see Nationstar Mtge., LLC v Einhorn, 185 AD3d 945, 945; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). However, since the parties litigated the merits of the motion in the Supreme Court and fully briefed those issues to this Court, we consider the merits of the motion in the interest of judicial economy, rather than remitting the matter to the Supreme Court for it to do so (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234; Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1258-1259).
In order to obtain relief from a default judgment pursuant to CPLR 5015(a)(1), a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense [*2]to the action (see Emigrant Sav. Bank v Burke, 199 AD3d 652, 652; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785). Although a court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default, conclusory and unsubstantiated allegations of law office failure are insufficient to constitute a reasonable excuse (see CPLR 2005; U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005, 1007; Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775). "[M]ere neglect is not a reasonable excuse" (Hudson City Sav. Bank v Augustin, 191 AD3d at 775 [internal quotation marks omitted]). Here, the defendant failed to demonstrate a reasonable excuse for its default. Its conclusory and unsubstantiated claim of law office failure does not establish a reasonable excuse for its default (see e.g. id.; U.S. Bank N.A. v Barr, 139 AD3d 937, 937-938).
Since the defendant failed to establish a reasonable excuse, it is not necessary to determine whether it demonstrated the existence of a potentially meritorious defense (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874; Best Modular Structures, Sets & Servs., LLC v Flynn, 188 AD3d 1130, 1132).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(1) and 2005 to vacate the judgment.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court