Sauteanu v BJ's Wholesale Club, Inc. (2022 NY Slip Op 06509)

Sauteanu v BJ's Wholesale Club, Inc.

2022 NY Slip Op 06509

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-13476
 (Index No. 11108/15)

[*1]Mihaela Sauteanu, respondent, 
v
BJ's Wholesale Club, Inc., et al., defendants, Gateway Center Properties I, LLC, et al., appellants.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson and David L. Metzger of counsel), for appellants.
Harmon Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Gateway Center Properties I, LLC, and Gateway Center Parking Association, LLC, appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 10, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court dated August 29, 2018, granting the unopposed motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered September 10, 2019, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated August 29, 2018, is denied.
On January 13, 2015, the plaintiff allegedly slipped and fell in a parking lot in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries related to her fall. In December 2017, the defendants Gateway Center Properties I, LLC, and Gateway Center Parking Association, LLC (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. On January 3, 2018, the plaintiff requested an adjournment to respond to the motion. The request was granted, and the motion was adjourned to February 28, 2018. On February 28, 2018, the plaintiff, having failed to put in her opposition papers, requested another adjournment to respond to the motion. That request was denied. In an order dated August 29, 2018, the Supreme Court granted the defendants' unopposed motion. The order, with notice of entry, was served on the plaintiff on September 12, 2018.
On May 23, 2019, the plaintiff moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated August 29, 2018. In an order entered September 10, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
Pursuant to CPLR 5015(a)(1), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . excusable default." "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671, citing CPLR 5015[a][1]). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible" and detailed explanation of the default (Maruf v E.B. Mgt. Props., LLC, 181 AD3d at 671; see Deep v City of New York, 183 AD3d 586, 587; OneWest Bank, FSB v Singer, 153 AD3d 714, 716). The determination as to what constitutes a reasonable excuse is a matter of the court's discretion, but mere neglect will not suffice (see CPLR 2005; Maruf v E.B. Mgt. Props., LLC, 181 AD3d at 671-672; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Onishenko v Ntansah, 145 AD3d 910, 911; see also Jackson v Kothuru, 183 AD3d 707, 709; Ferreira v Singh, 176 AD3d 782, 784).
Here, a managing attorney at the law firm representing the plaintiff was notified of the February 28, 2018 adjourned deadline to submit opposition papers to the defendants' motion, and a member of the firm entered a "follow up docket date" for February 7, 2018, "to ensure that the opposition was being handled" (cf. Maruf v E.B. Mgt. Props., LLC, 181 AD3d at 672; Matter of Castellotti v Castellotti, 165 AD3d 926, 927-928). However, instead of "follow[ing] up with the managing attorney to make sure the opposition was assigned," the member of the law firm returned the file to the file room. As the member of the law firm affirmed, "[i]t simply was not addressed properly." Furthermore, the plaintiff did not move to vacate the order dated August 29, 2018, for approximately eight months, or 253 days, after being served with the order and notice of entry (see Maruf v E.B. Mgt. Props., LLC, 181 AD3d at 672; Nanas v Govas, 176 AD3d 956, 957; Ki Tae Kim v Bishop, 156 AD3d at 777; Betz v Carbone, 126 AD3d 743, 744; Vardaros v Zapas, 105 AD3d 1037, 1038; cf. Stango v Byrnes, 200 AD3d 821, 823; Ferreira v Singh, 176 AD3d at 784; Amaral v Smithtown News, Inc., 172 AD3d 1287, 1290).
Under these circumstances, the plaintiff's failure to oppose the defendants' motion was the equivalent of mere neglect and was therefore insufficient to warrant vacatur (see Ki Tae Kim v Bishop, 156 AD3d at 777; OneWest Bank, FSB v Singer, 153 AD3d at 716). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated August 29, 2018.
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court