Beach 28 RE, LLC v Somra (2023 NY Slip Op 02295)

Beach 28 RE, LLC v Somra

2023 NY Slip Op 02295

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-06861
 (Index No. 706608/17)

[*1]Beach 28 RE, LLC, et al., respondents, 
v
Indira Somra, et al., appellants.

Rachel Schulman, Esq. PLLC, Great Neck, NY, for appellants.
Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass and private nuisance, the defendants appeal from an order of the Supreme Court, Queens County (George J. Silver, J.), entered June 25, 2021. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered February 21, 2020, which, upon the defendants' default in appearing at certain scheduled conferences, directed that their answer be stricken.
ORDERED that the order entered June 25, 2021, is affirmed, with costs.
In May 2017, the plaintiffs commenced this action against the defendants, who are neighboring property owners, asserting causes of action seeking damages for trespass, private nuisance, and negligence, as well as declaratory and injunctive relief. After the parties had engaged in motion practice, the defendants' attorney failed to appear for scheduled court conferences on January 8, 2020, and February 10, 2020. Based on the defendants' failure to appear in court, the Supreme Court, in an order entered February 21, 2020, directed that the defendants' answer be stricken. The court proceeded to conduct an inquest on March 2, 2020.
The defendants subsequently moved pursuant to CPLR 5015(a)(1) to vacate the order entered February 21, 2020, upon their default, asserting that they had a reasonable excuse, based on law office failure, for failing to appear for the court conferences. In an order entered June 25, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"In order to vacate a default in appearing at a conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense to the action" (126 Henry St., Inc. v Cater, 197 AD3d 598, 600; see Sposito v Cutting, 165 AD3d 863, 864; Polsky v Simon, 145 AD3d 693). "The determination of whether an excuse is reasonable lies within the sound discretion of the trial court" (126 Henry St., Inc. v Cater, 197 AD3d at 600; see Westchester Med. Ctr. v Izzo, 175 AD3d 538, 539; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138).
A court "has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default" (Bank of N.Y. Mellon Trust [*2]Co. N.A. v Hsu, 204 AD3d 874, 876 [internal quotation marks omitted]; see U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005, 1007; Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775; Campbell v TPK Heating, Ltd., 181 AD3d 642). "However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated" (Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [citations and internal quotation marks omitted]; see Cantor v Flores, 94 AD3d 936, 937; Gutman v A to Z Holding Corp., 91 AD3d 718, 719).
Here, the defendants' submissions in support of their motion to vacate the order entered February 21, 2020, including the affirmation of the attorney who represented them at the time of the court conferences scheduled for January 8, 2020, and February 10, 2020, did not set forth a detailed and credible explanation for the defendants' failure to appear on those dates. The defendants' claim of law office failure was vague, conclusory, and unsubstantiated, and did not establish a reasonable excuse for their default. Accordingly, the Supreme Court providently exercised its discretion in determining that the defendants failed to offer a reasonable excuse for their default.
Since the defendants failed to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated the existence of a potentially meritorious defense (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d at 876; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court