Columbus v Kourtei (2023 NY Slip Op 03762)

Columbus v Kourtei

2023 NY Slip Op 03762

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04770
 (Index No. 607912/19)

[*1]Nadya Columbus, respondent,
v
Diana Kourtei, etc., et al., appellants.

Samson Freundlich, Woodmere, NY, for appellants.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York, NY (Ethan A. Kobre of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and conversion, the defendants appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered June 10, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered October 19, 2020, granting that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendants.
ORDERED that the order entered June 10, 2021, is affirmed insofar as appealed from, with costs.
In June 2019, the plaintiff commenced this action, inter alia, to recover damages for fraud and conversion against the defendants alleging, among other things, that the defendants misrepresented material facts in order to obtain money from the plaintiff. In February 2020, the plaintiff moved, inter alia, pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendants. The defendants submitted no opposition to the motion. In an order entered October 19, 2020, the Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants. Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order entered October 19, 2020. In an order entered June 10, 2021, the Supreme Court, inter alia, denied that branch of the defendants' motion.
"'Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible' and detailed explanation of the default" (Sauteanu v BJ's Wholesale Club, Inc., 210 AD3d 922, quoting Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671; see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Services, LLC, 208 AD3d 1170, 1171). However, "[c]onclusory and unsubstantiated allegations of law office failure are insufficient to constitute a reasonable excuse" (Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Services, LLC, 208 AD3d at 1171). Similarly, general allegations of neglect will not suffice (see Sauteanu v BJ's Wholesale Club, Inc., 210 AD3d at 924). Here, the defendants' conclusory and unsubstantiated contentions failed to demonstrate a reasonable excuse for their default. Thus, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the order entered October 19, 2020, granting that branch of [*2]the plaintiff's unopposed motion which was for leave to enter a default judgment against them (see Sauteanu v BJ's Wholesale Club, Inc., 210 AD3d at 924; Maruf v E.B. Mgt. Props., LLC, 181 AD3d at 672).
Moreover, since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether the defendants demonstrated a potentially meritorious defense to the action (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Services, LLC, 208 AD3d at 1171; Citimortgage Inc. v Bustamente, 107 AD3d 752, 753).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court