Kuznetsova v Dart Seasonal Prods., Inc. (2024 NY Slip Op 01913)

Kuznetsova v Dart Seasonal Prods., Inc.

2024 NY Slip Op 01913

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01713
 (Index No. 608184/19)

[*1]Daria Kuznetsova, et al., respondents, 
v
Dart Seasonal Products, Inc., et al., appellants, et al., defendants.

White Law Group, Brooklyn, NY (Menachem White of counsel), for appellants.
IM Law Group, P.C., Cedarhurst, New York (Igor Meystelman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Dart Seasonal Products, Inc., Barry Wachsler, and David Wachsler appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered February 10, 2022. The order denied those defendants' motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered May 7, 2021, upon their default in appearing or answering the complaint.
ORDERED that the order is affirmed, with costs.
In June 2019, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against, among others, the defendants Dart Seasonal Products, Inc., Barry Wachsler, and David Wachsler (hereinafter collectively the defendants). The defendants failed to appear or answer the complaint. In an order entered July 2, 2020, the Supreme Court granted the plaintiffs' unopposed motion for leave to enter a default judgment against the defendants. On April 7, 2021, the plaintiffs served the defendants with, among other things, a notice of settlement of a default judgment. On May 7, 2021, a judgment was entered upon the defendants' default, in favor of the plaintiffs. Subsequently, the defendants moved pursuant to CPLR 5015(a)(1) to vacate the judgment. In an order entered February 10, 2022, the court denied the motion, and the defendants appeal.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171; Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1103-1104). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). Here, the defendants failed to demonstrate a reasonable excuse for their default. The defendants failed to appear in this action until they made the instant motion, which was after the plaintiffs had moved for and obtained a default judgment against them, despite having received multiple notices of this action, as well as acknowledging their awareness of this action and the pending notice of settlement of a default judgment in emails exchanged with the plaintiffs' counsel. Moreover, the defendants' reliance on an alleged conversation with the plaintiffs' counsel, after admittedly having been served with the [*2]summons and complaint, was insufficient to demonstrate a reasonable excuse (see Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041, 1041-1042). Overall, the defendants' conduct amounts to a pattern of willful default and neglect (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394; Roussodimou v Zafiriadis, 238 AD2d 568, 569).
In view of the absence of a reasonable excuse, we need not consider whether the defendants demonstrated a potentially meritorious defense to the action (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d at 876; Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion pursuant to CPLR 5015(a)(1) to vacate the judgment.
We decline the plaintiffs' request to impose sanctions in connection with this appeal (see 22 NYCRR 130-1.1).
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court