All Is. Estates Realty Corp. v Roma Imported Car Ctr., Inc. (2024 NY Slip Op 04051)

All Is. Estates Realty Corp. v Roma Imported Car Ctr., Inc.

2024 NY Slip Op 04051

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-00622
 (Index No. 612306/19)

[*1]All Island Estates Realty Corp., appellant, 
v
Roma Imported Car Center, Inc., et al., respondents, et al., defendant.

Esagoff Law Group, P.C., Great Neck, NY (Janet Nina Esagoff of counsel), for appellant.
Presberg Law, P.C., Islandia, NY (Douglas S. Thaler of counsel), for respondent Gary Chimeri.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated December 21, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate a prior order of the same court dated June 1, 2022, which, upon finding the plaintiff defaulted in appearing at a compliance conference, directed dismissal of the action with prejudice.
ORDERED that the order dated December 21, 2022, is affirmed insofar as appealed from, with costs.
In 2019, the plaintiff commenced this action, inter alia, to recover damages for tortious interference with contract against the defendants Roma Imported Car Center, Inc., Peter Mostaccio, Tina Mangiapanella (hereinafter collectively the Roma defendants), and Gary Chimeri. The plaintiff alleged that the Roma defendants engaged its services as a seller's agent for certain real property located in Patchogue (hereinafter the premises) and that, after attempting to withdraw from their listing agreement with the plaintiff, the Roma defendants sold the premises through the services of Chimeri.
After finding that the plaintiff had defaulted in appearing at a compliance conference scheduled for April 4, 2022, the Supreme Court found the plaintiff again defaulted in appearing at a compliance conference scheduled for May 9, 2022 (hereinafter the May 2022 conference), and pursuant to an order dated June 1, 2022, the court directed dismissal of the action with prejudice. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 5015(a) to vacate the order dated June 1, 2022. The court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
"In order to vacate a default in appearing at a conference, the defaulting party must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action" (126 Henry St., Inc. v Carter, 197 AD3d 598, 600; see Beach 28 RE, LLC v Somra, 216 AD3d 610, [*2]611). "The determination of whether an excuse is reasonable lies within the sound discretion of the trial court" (126 Henry St., Inc. v Carter, 197 AD3d at 600; see Beach 28 RE, LLC v Somra, 216 AD3d at 611).
"A court 'has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default'" (Beach 28 RE, LLC v Somra, 216 AD3d at 611, quoting Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876). "However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated" (id. at 612 [internal quotation marks omitted]; see Gluckhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595).
Here, the plaintiff's submissions in support of that branch of its motion which was pursuant to CPLR 5015(a) to vacate the order dated June 1, 2022, did not set forth a detailed and credible explanation for the plaintiff's failure to appear at the May 2022 conference. The plaintiff's claim of law office failure was contradictory, conclusory, and unsubstantiated and did not establish a reasonable excuse for its default. Furthermore, although the plaintiff contends that its counsel was engaged in another matter at the time of the May 2022 conference, the plaintiff's counsel failed to submit an affirmation of engagement until June 7, 2022, nearly one month after that conference took place (see 22 NYCRR 125.1[e][1]). Accordingly, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to offer a reasonable excuse for its default.
Since the plaintiff failed to establish a reasonable excuse for its default, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious cause of action (see Beach 28 RE, LLC v Somra, 216 AD3d at 612; Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d at 876).
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court