AWR Group, Inc. v 240 Echo Place Hous. Dev. Fund Corp. (2024 NY Slip Op 04118)

AWR Group, Inc. v 240 Echo Place Hous. Dev. Fund Corp.

2024 NY Slip Op 04118

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-03266
 (Index No. 705239/20)

[*1]AWR Group, Inc., respondent, 
v
240 Echo Place Housing Development Fund Corporation, appellant.

J.A. Sanchez-Dorta, Howard Beach, NY, for appellant.
Mastropietro Law Group, PLLC, New York, NY (Nathan C. Woodard of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered March 7, 2023. The order granted the plaintiff's motion for leave to reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered December 11, 2020, which had been granted in an order of the same court dated July 13, 2022, and upon reargument, vacated so much of the order dated July 13, 2022, as granted that branch of the defendant's prior motion, and thereupon, denied that branch of the defendant's prior motion and reinstated the order entered December 11, 2020.
ORDERED that the order entered March 7, 2023, is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract. In an order entered December 11, 2020, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment upon the defendant's failure to appear in the action or answer the complaint. Following an inquest on the issue of damages, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order entered December 11, 2020. In an order dated July 13, 2022, the court, among other things, granted that branch of the defendant's motion. The plaintiff moved for leave to reargue its opposition to that branch of the defendant's motion. In an order entered March 7, 2023, the court granted the plaintiff's motion for leave to reargue and, upon reargument, vacated so much of the order dated July 13, 2022, as granted that branch of the defendant's motion, and thereupon, denied that branch of the defendant's motion and reinstated the order entered December 11, 2020. The defendant appeals.
"A motion for leave to reargue is directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law" (Robinson v Viani, 140 AD3d 845, 847; see CPLR 2221[d]). Here, the Supreme Court providently exercised its discretion in granting reargument.
Upon reargument, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order entered December 11, 2020. A [*2]defendant moving pursuant to CPLR 5015(a)(1) to vacate an order or judgment entered upon its default in appearing or answering the complaint must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171). In this case, the defendant failed to demonstrate a reasonable excuse for its default. Since the defendant failed to establish a reasonable excuse, it is not necessary to determine whether it demonstrated the existence of a potentially meritorious defense (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d at 1171).
The defendant's remaining contention is without merit.
Accordingly, we affirm the order entered March 7, 2023.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court