| |
|---|
| **Willie v Kortoci** |
| 2024 NY Slip Op 33983(U) |
| November 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 513932/2021 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the State
of New York, held in and for
the County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the
8th day of November 2024

HONORABLE FRANCOIS A. RIVERA

--------------------------------------------------------------------X

STEPHANIE WILLIE,

                                   Plaintiff,

                 - against -

MUSA KORTOCI aka MIKE KORTOCI

                             Defendant(s).

--------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 513932/2021

Oral Argument: 10/10/2024

Cal. No.: 51

Ms. Seq. No.: 3

Recitation in accordance with CPLR 2219 (a) of the papers considered on the order to show cause filed on February 26, 2024, under motion sequence number three, by Musa Kortoci (hereinafter defendant-movant) for an order pursuant to CPLR 5015 (a) (1) and/or CPLR 317 vacating the decision and order entered in the office of the county clerk on January 19, 2024, upon the grounds that defendant Musa Kortoci has meritorious defenses and a reasonable excuse for his failure to appear in this action and upon vacating such decision and order, pursuant to CPLR 2221. *et seq*, denying plaintiff's original application to restore this matter to this Court's calendar as the matter must be arbitrated pursuant to the terms within the controlling collective bargaining agreement, and pursuant to CPLR 5516 and 5519 staying all proceedings including the scheduled preliminary conference, scheduled in this matter as the matter must be arbitrated pursuant to the terms of the controlling collective bargaining agreement. The motion is opposed.

-Order to show cause
-Affirmation in Support
       Exhibits A-E
-Memorandum of law in support
-Affirmation in opposition
       Exhibits 1-8
-Memorandum of law in opposition
-Affirmation in reply
       Exhibits A-D
-Memorandum of law in reply

[* 1]

## BACKGROUND

On June 19, 2021, the plaintiff commenced the instant action for, inter alia, damages for unlawful discrimination and a hostile work environment against the plaintiff based on gender, in violation of the New York State Human Rights Law, Executive Law § 296 et seq., the New York City Human Rights Law, New York City Administrative Code Section § 8-107 et seq., and for battery.

By notice of motion filed on July 22, 2021, under motion sequence number one, the defendant sought an order pursuant to CPLR 7503 (a) and 3211 (a) (1) and (7) (a) compelling plaintiff Stephanie Willie to submit her claims to arbitration and (b) staying or dismissing the complaint.

By decision and order dated November 5, 2021, the Court granted the defendant's motion under motion sequence number one to the extent that the instant matter was stayed until further order of the Court, dismissal of the complaint was denied, and the plaintiff was directed to arbitrate her claims against defendant in accordance with the arbitration provision of the 2018 Apartment Building Agreement (hereinafter the CBA).

By notice of motion filed on November 2, 2023, under motion sequence number two, the plaintiff sought an order pursuant CPLR 5015 (a) vacating the stay and restoring Plaintiff's case to the trial calendar. The defendant filed opposition to the motion but did not appear for oral argument.

By decision and order dated January 18, 2024 (hereinafter the January 2024 order), the Court granted the plaintiff's motion under sequence number three. The Court found that the arbitration was not proceeding through no fault of the plaintiff. Due to the

defendant's failure to appear for oral argument, the Court deemed the motion unopposed. The Court lifted the stay and restored the action to the trial calendar.

The defendant then filed the instant order to show cause under motion sequence number three for an order pursuant to CPLR 5015 (a) (1) and/or CPLR 317 vacating the January 2024 order decision and order entered in the office of the county clerk on January 19, 2024, and upon vacating such decision and order, pursuant to CPLR 2221. et seq, denying plaintiff's original application to restore this matter to this Court's calendar.

## LAW AND APPLICATION

The January 2024 order which the defendant seeks to vacate was premised on the plaintiff's showing of entitlement and the disregarding of the defendant's filed opposition papers based on defendant's default in appearing for oral argument on the motion. "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the [court]" (*Matter of Castellotti v Castellotti*, 165 AD3d 926 [2d Dept 2018]). "A court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation, although mere neglect is not a reasonable excuse" (*Matter of Castellotti v Castellotti*, 165 AD3d 926 [2d Dept 2018], citing *Ki Tae Kim v. Bishop*, 156 AD3d 776, 777 [2d Dept 2017]). However, "conclusory and unsubstantiated allegations of law office failure are insufficient to constitute a reasonable excuse" (*Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Services, LLC*, 208 AD3d 1170, 1171 [2d Dept 2022]).

The defendant's counsel averred that while aware of the date scheduled for oral argument of the motions, counsel was not aware that the Court' part rules required that all

[*3]

motion be orally argued in person. The very first sentence in the Court's Part Rules is written in bright red color in uppercase lettering and states the following:

"ALL APPEARANCES IN PART 52 SHALL BE IN PERSON. ALL MOTIONS ARE ORALLY ARGUED ON THE RECORD"

After not appearing for oral argument, defendant's counsel then asked plaintiff's counsel to enter into a stipulation vacating the default and allowing the application to be determined upon the merits. The request was refused.

Defendant's counsel stated the following in paragraph twenty of the affirmation in support of the motion.

"Notably, no professional courtesy was extended to the office of the undersigned with any phone call or e-mail at the time of oral argument to determine if the undersigned, or another representative, would be appearing for same. Had a single phone call been made at such time, the undersigned would have had an opportunity to either request a brief adjournment of the oral argument or have a representative from the undersigned's office to appear prepared to argue."

In sum, defendant's counsel excuse is that he did not check the Court's part rules to learn than a personal appearance for oral argument was required. He further argues that someone should have extended the courtesy of calling him to see if he was coming on the date scheduled for oral argument of the motion.

Here, the defendant failed to demonstrate a reasonable excuse for their default. Since the defendant failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether the defendant demonstrated a potentially meritorious

defense to the action (*see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Services, LLC*, 208 AD3d 1170, 1171). The motion is therefore denied.

**CONCLUSION**

The motion by defendant Musa Kortoci for an order pursuant to CPLR 5015(a)(1) and/or CPLR 317 vacating the decision and order entered on January 19, 2024, and upon vacating such decision and order, pursuant to CPLR 2221. denying the application of plaintiff Stephanie Willie seeking an order restoring this matter to this Court's calendar and directing that the matter proceed to arbitration is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

J.S.C.

**HON. FRANCOIS A. RIVERA**

[* 5]