Flores v Fridel (2025 NY Slip Op 50011(U))

[*1]

Flores v Fridel

2025 NY Slip Op 50011(U)

Decided on January 8, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Supreme Court, Kings County

Omar Carrisoza Flores, et ano., Plaintiffs,

against
Semyon Fridel, Defendant.

Index No. 514196/2021

Cherny & Podolsky, PLLC, Brooklyn (Biana Finkel of counsel), for Plaintiffs on the complaint.
Baker, McEvoy & Moskovits, Freeport (Michael Fritz of counsel), for Plaintiffs on the counterclaim.
Rankin Savidge, PLLC, Mineola (Brian R. Kenney of counsel), for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on the motion(s): NYSCEF Document Numbers 65-91.
Upon the foregoing papers, having heard oral argument virtually, and due deliberation having been had, It is hereby ORDERED as follows:
The motion by Defendant seeking to vacate this Court's October 13, 2023 order and reargue Plaintiffs' motions for summary judgment is DENIED. The October 13, 2023 order granted summary judgment to Plaintiffs on the liability, both with respect to the complaint and with respect to Defendant's counterclaim.
This motion herein by Defendant is styled as one to vacate a default in opposition to Plaintiffs' two summary judgment motions determined on October 13, 2023 (one motion being made with regard to their complaint and the other motion being made with regard to Defendant's counterclaim). Defendant's motion herein is also styled as one to reargue its motion for summary judgment on the issue of liability. This is an error, however, inasmuch as Defendant did not move for summary judgment; at oral argument, Defendant represented to the Court that what was meant were the motions by Plaintiff for summary [*2]judgment and the Court deems Defendant's motion papers corrected to the extent that references to Defendant's summary judgment motion are deemed to be references to Plaintiffs' summary judgment motions. The previous motions which culminated in the October 13, 2023 order were assigned Motion Sequences 2 and 3. The within motion is assigned Motion Sequence 5.
The reasons for the Court's denial of Defendant's motion are as follows:
(1) Defendant's original papers were filed the night before the October 13, 2023 oral argument date, despite the original motions having been filed on November 11, 2022 and December 9, 2022, thus demonstrating Defendant's propensity for delaying matters. No satisfactory explanation was offered as to why Defendant's affidavit could not have been obtained shortly after having received Plaintiffs' motion papers. There is no showing of details of attempts to procure the affidavit from Defendant over the course of the ten-month period of December 2022 to October 2023..
(2) The October 13, 2023 order was not entered on default. The order was entered following appearances by the parties, oral argument, and a review of the timely filed motion papers.
(3) Knowing that Defendant's counsel had difficulty obtaining notarization of Defendant's affidavit, an adjournment could have been submitted timely in accordance with IAS Part 2 Rules, but it was not. At least, Defendant could have explained in opposition papers why he could not submit admissible evidence in opposition (see CPLR 3212 [f]), but did not do so.
(4) This action was restored to active status on December 14, 2023 (see NYSCEF Doc No. 72), yet this motion was not filed until October 2, 2024 (see NYSCEF Doc No. 65), again demonstrating Defendant's propensity for delay (see Sautenau v BJ's Wholesale Club, Inc., 210 AD3d 922, 924 [2d Dept 2022] [determination as to what constitutes reasonable excuse is matter of court's discretion, but mere neglect will not suffice]).
(5) There has been no demonstrated law office failure (see Onewest Bank, FSB v Singer, 153 AD3d 714 [2d Dept 2017]). Difficulty in securing something from a client does not equate to law office failure, in this Court's view (see Greenfield v 77 Water St., Inc., 2004 NY Slip Op 30323[U] [law office failure consists of inadvertent mistakes such as attorneys misplacing a file or clerical error]).
(6) Since this matter concerns motions heard on the record, Defendant should have submitted a transcript of the proceedings before the Court on October 13, 2023. He did not do so. It is noted that IAS Part 2 Rules require that a transcript of the prior proceedings be submitted on a motion to reargue: "transcript of any previously held oral argument and any decision rendered from the bench (see IAS Part 2 Rules, Part II, Subpart B, § 25, at 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml). The reason for this is that in many instances, such as the one here, the decision is dictated from the bench and the order incorporates by reference the decision. Here, the orally dictated decision is not before the Court.
(7) Video evidence establishes that Defendant ran a red light and struck Plaintiff's vehicle, Plaintiff presumptively having been faced with a green light (see NYSCEF Doc. No. 68 at 42; 
https://youtu.be/baOxh3q6kvg). Therefore, to the extent that Defendant asserts in his affidavit that "As I was crossing the intersection, the traffic light controlling my direction of travel as green" (NYSCEF Doc No. 73), it appears that he is not truthful. There is nothing submitted by Defendant to show that the traffic light was defective, for example, that both drivers approaching the intersection at a 90 degree angle had a green light.
(8) To the extent that Defendant seeks reargument, he has failed to demonstrate the prerequisites for it (see CPLR 2221 [d] [2] [motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by court in determining prior motion, but shall not include matters of fact not offered on prior motion]). There is no showing that the Court overlooked or misapprehended anything.
This Court concludes that Defendant failed to establish excusable default and a meritorious defense. As such, Defendant's motion is DENIED.