Rodriguez v Target Corp. (2025 NY Slip Op 00688)

Rodriguez v Target Corp.

2025 NY Slip Op 00688

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-12118
 (Index No. 511506/21)

[*1]Rudy Rodriguez, respondent,
v
Target Corporation, et al., defendants, Spring Scaffolding, LLC, appellant.

Maizes & Maizes, LLP, Bronx, NY (Michael H. Maizes of counsel), for appellant.
Alexander T. Shapiro & Associates, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Spring Scaffolding, LLC, appeals from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated October 5, 2023. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated March 2, 2023, granting the plaintiff's unopposed motion for leave to enter a default judgment against it and for an inquest on the issue of damages, and for leave to file a late answer.
ORDERED that the order dated October 5, 2023, is affirmed, with costs.
On May 14, 2021, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell due to a defective sidewalk. The defendant Spring Scaffolding, LLC (hereinafter the defendant), failed to appear or answer the complaint, and on June 14, 2022, the plaintiff moved for leave to enter a default judgment against the defendant and for an inquest on the issue of damages. In an order dated March 2, 2023, the Supreme Court granted the plaintiff's motion.
On June 12, 2023, the defendant moved pursuant to CPLR 5015(a) to vacate the March 2, 2023 order and for leave to file a late answer. In an order dated October 5, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999). "'Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse'" (Cortazar v Cojam Constr., Inc., 222 AD3d 713, 714, quoting HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646; see CPLR 2005).
"Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the motion court, the movant must provide a detailed and credible explanation [*2]for the purported law office failure, and where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable, and may properly be imputed to the client" (Cortazar v Cojam Constr., Inc., 222 AD3d at 714-715 [internal quotation marks omitted]; see Zirrith v Rego, 230 AD3d 626). Further, "law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated" (Beach 28 RE, LLC v Somra, 216 AD3d 610, 612 [internal quotation marks omitted]).
Here, the defendant failed to demonstrate a reasonable excuse for its default in answering the complaint or appearing in the action. In support of its motion, inter alia, to vacate the March 2, 2023 order, the defendant submitted an affidavit of an employee of a separate entity that provided support services such as legal representation to the defendant but failed to provide an affidavit of its own employee to explain the circumstances surrounding the default (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645). That individual's vague and conclusory assertion that her failure to make the file for this matter active caused the defendant's default was insufficient to demonstrate a reasonable excuse (see Funding NY, LLC v 1237 Dean St. Corp., 227 AD3d 1050; Cortazar v Cojam Constr., Inc., 222 AD3d 713). Rather, the defendant showed a pattern of willful delay and default in answering the complaint and responding to the plaintiff's default letter pursuant to CPLR 3215(g)(4)(i) and motion, among other things, for leave to enter a default judgment against the defendant (see Cortazar v Cojam Constr., Inc., 222 AD3d 713; Thapt v Lutheran Med. Ctr., 89 AD3d 837). Therefore, under the circumstances presented here, the defendant's excuse of law office failure did not constitute a reasonable excuse for its default, as the record showed a pattern of willful delay and neglect (see Beach 28 RE, LLC v Somra, 216 AD3d 610; Thapt v Lutheran Med. Ctr., 89 AD3d 837; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789).
In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Nico v Olajitan, 229 AD3d 561; Ross v Emefieh, 227 AD3d 739).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion to vacate the March 2, 2023 order and for leave to file a late answer.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court