Citibank, N.A. v Dervas (2022 NY Slip Op 02388)

Citibank, N.A. v Dervas

2022 NY Slip Op 02388

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-07669
 (Index No. 416/10)

[*1]Citibank, N.A., etc., respondent, 
v
Periklis Dervas, appellant, et al., defendants.

Marvin Evan Schiff, Mineola, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Periklis Dervas appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered April 16, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court dated December 4, 2018, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, denied the cross motion of the defendant Periklis Dervas to vacate an order of the same court (Janice A. Taylor, J.) dated August 18, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, for leave to serve an amended answer, and to dismiss the complaint insofar as asserted against him, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In January 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Periklis Dervas (hereinafter the defendant). In August 2015, the plaintiff moved for summary judgment on the complaint and for an order of reference. The defendant failed to oppose the motion, and in an order dated August 18, 2017, the Supreme Court granted the motion. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to vacate the order dated August 18, 2017, for leave to serve an amended answer, and to dismiss the complaint insofar as asserted against him. In an order and judgment of foreclosure and sale, the court granted the plaintiff's motion, denied the defendant's cross motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was to vacate the order dated August 18, 2017. "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Berganza v Pecora, 192 [*2]AD3d 743, 745, quoting Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]). Here, the defendant asserted that his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him was due to law office failure occasioned by the defendant's counsel receiving the wrong return date for the motion. The court providently exercised its discretion in declining to accept this proffered excuse of law office failure, as it was not supported by a detailed and credible explanation (see Deep v City of New York, 183 AD3d 586; Servilus v Walcott, 148 AD3d 743, 744; see also Bank of Am., N.A. v Russell, 197 AD3d 448, 449). Since the defendant failed to demonstrate a reasonable excuse for his default, we need not reach the issue of whether he demonstrated a potentially meritorious opposition to the plaintiff's motion (see Konstantakopoulos v Karakash, 185 AD3d 563, 564; Seaman v New York Univ., 175 AD3d 1578, 1580).
In light of our determination, the defendant's remaining contentions have been rendered academic.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court