Melamed v Adams & Co. Real Estate, LLC (2022 NY Slip Op 05083)

Melamed v Adams & Co. Real Estate, LLC

2022 NY Slip Op 05083

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-05481
 (Index No. 520678/16)

[*1]Nataliya Melamed, appellant, 
v
Adams & Company Real Estate, LLC, et al., respondents (and a third-party action).

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (Louis A. Carotenuto of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 24, 2020. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated March 15, 2019, as granted that branch of the defendants' unopposed motion which was for summary judgment dismissing the complaint, and thereupon to deny that branch of the defendants' motion.
ORDERED that the order dated June 24, 2020, is affirmed, with costs.
On October 20, 2014, the plaintiff allegedly was injured when she tripped and fell inside of premises owned by the defendants. In November 2016, the plaintiff commenced this action against the defendants to recover damages for her personal injuries. Following discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The defendants' motion was initially returnable on December 20, 2018, but the motion was adjourned by stipulation of the parties' attorneys to February 11, 2019, and then again to March 15, 2019, with opposition papers due by March 1, 2019. An attorney employed by the law firm representing the plaintiff appeared in court on the agreed-upon March 15, 2019 return date, but no opposition to the defendants' motion was filed. In an order dated March 15, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the plaintiff's default in opposing the motion. Thereafter, the plaintiff moved pursuant to CPLR 5015(a) to vacate so much of the order dated March 15, 2019, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and thereupon to deny that branch of the defendants' motion. In an order dated June 24, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion'" (Citibank, N.A. v Dervas, 204 AD3d 745, 746, quoting Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853; see CPLR 5015[a][1]; Garcia v City of New York, 189 AD3d 788, 788). "'[T]he court has discretion to accept law office failure as a reasonable excuse (see [*2]CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue'" (Redding v JQ III Assoc., LLC, 204 AD3d 849, 850, quoting Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [internal quotation marks omitted]; see Berganza v Pecora, 192 AD3d 743, 745; Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818). "'[M]ere neglect is not a reasonable excuse'" (Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775, quoting U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878).
Here, in support of her motion, the plaintiff submitted an affirmation of an attorney employed by the law firm representing her who stated that a "motion clerk" employed by the firm had improperly calendared the defendants' motion in the firm's computer system as being "on for the first time" on March 15, 2019, and that, as a result, "the attorney assigned to oppose [the d]efendants' motion assumed an adjournment would be granted in Court on the return date of March 15, 2019." This explanation is conclusory and unsubstantiated, and, under the circumstances presented here, insufficient to demonstrate a reasonable excuse for the plaintiff's default in opposing the defendants' motion, inter alia, for summary judgment dismissing the complaint (see Hudson City Sav. Bank v Augustin, 191 AD3d 774; Bank of Am., N.A. v Wood, 185 AD3d 768, 769; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1084). Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious opposition to the defendants' motion (see CPLR 5015[a][1]; Hudson City Sav. Bank v Augustin, 191 AD3d 774).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate so much of the order dated March 15, 2019, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and thereupon to deny that branch of the defendants' motion.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court