Logan v 250 Pac., LLC (2022 NY Slip Op 06792)

Logan v 250 Pac., LLC

2022 NY Slip Op 06792

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-02111
 (Index No. 4556/14)

[*1]Kristy Logan, respondent, 
v
250 Pacific, LLC, defendant, RK General Contractors, Inc., appellant.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (James M. Carman and Anne P. O'Brien of counsel), for appellant.
Nguyen Leftt P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant RK General Contractors, Inc., appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 9, 2021. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated December 9, 2020, granting that branch of the plaintiff's unopposed motion which was pursuant to CPLR 4404(a) to set aside so much of a jury verdict as was in favor of that defendant and against the plaintiff on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order dated March 9, 2021, is reversed, on the facts and in the exercise of discretion, with costs, and the motion of the defendant RK General Contractors, Inc., pursuant to CPLR 5015(a) to vacate the order dated December 9, 2020, is granted.
The plaintiff commenced this action against, among others, the defendant RK General Contractors, Inc. (hereinafter the defendant), to recover damages for personal injuries that she allegedly sustained when she slipped and fell in a stairwell. The plaintiff alleged that she slipped on dust that was created by construction work performed by the defendant. After a jury trial on the issue of liability, the jury returned a verdict finding, inter alia, that the defendant was not negligent.
In January 2019, the plaintiff moved pursuant to CPLR 4404(a), inter alia, to set aside so much of the jury's verdict as was in favor of the defendant and against the plaintiff on the issue of liability as contrary to the weight of the evidence and for a new trial. The plaintiff and the defendant stipulated to adjourn the return date of the plaintiff's motion to March 6, 2020. On March 6, 2020, just prior to the start of the COVID-19 pandemic, the defendant's counsel filed opposition papers by hand in the motion support office of the Supreme Court, Kings County. On December 1, 2020, the defendant's counsel also e-mailed the opposition papers to a clerk in the motion support office, and that clerk responded by email that the papers were in the Justice's "mail box." The defendant's opposition papers, however, were never received by the Justice. In an order dated December 9, 2020, the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendant and against the plaintiff on the issue of liability as contrary to the weight of the evidence and for a new trial.
In January 2021, the defendant moved pursuant to CPLR 5015(a) to vacate the order dated December 9, 2020. In an order dated March 9, 2021, the Supreme Court denied the motion. [*2]In the order, the court acknowledged that the defendant had filed its opposition shortly before the courthouse had shut down due to the COVID-19 pandemic. However, it found that the defendant failed to comply with a temporary rule requiring all cases that had not been e-filed to be converted to e-file and all motion papers to be electronically filed. The defendant appeals.
A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Garcia v City of New York, 189 AD3d 788, 788). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864). In making such a determination, the court may excuse delay or default resulting from law office failure (see CPLR 2005; Mid-Hudson Props., Inc. v Klein, 167 AD3d at 864).
Here, considering all of the relevant factors, including that the defendant submitted its opposition to the motion support office on the original return date and thereafter by e-mail about one week before the plaintiff's motion was granted on default, the motion support clerk's responsive email stating that the e-mailed papers were in the Justice's "mail box," an affidavit of the defendant's counsel explaining his mistaken belief that the opposition was received by the Justice and filed, and the lack of prejudice to the plaintiff, the Supreme Court improvidently exercised its discretion in not accepting the defendant's excuse of law office failure (see Mid-Hudson Properties, Inc. v Klein, 167 AD3d at 864).
Furthermore, the defendant demonstrated that it had a potentially meritorious opposition to the motion (see DiPaolo v Somma, 111 AD2d 899). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a) to vacate the order dated December 9, 2020.
The parties' remaining contentions either are improperly raised for the first time on appeal or have been rendered academic in light of our determination.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court