Byung Ha Lee v Mascarenas (2023 NY Slip Op 04442)

Byung Ha Lee v Mascarenas

2023 NY Slip Op 04442

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-07634
 (Index No. 712376/20)

[*1]Byung Ha Lee, appellant, 
v
Teresa M. Mascarenas, et al., respondents.

Sacco & Fillas, LLP, Bayside, NY (James Kim of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated September 10, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated May 20, 2019, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to oppose the motion. In an order dated May 20, 2019, the Supreme Court granted the defendants' unopposed motion. The plaintiff thereafter moved pursuant to CPLR 5015(a) to vacate the order dated May 20, 2019. In an order dated September 10, 2021, the court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066, citing CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Logan v 250 Pac., LLC, 210 AD3d at 1066). "In making such a determination, the court may excuse delay or default resulting from law office failure" (id.). However, "[m]ere neglect is not a reasonable excuse" (Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to demonstrate a reasonable excuse for his default in opposing the defendants' motion for summary judgment (see Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d 632, 633; Bank of Am., N.A. v Murjani, 199 AD3d 630, 631; Matthews v Vivero, 189 AD3d 1389; Pawoor Kim v Xin Chen, 189 AD3d 1061, 1062). The plaintiff's counsel's affirmation in support of the motion to vacate the default contained conclusory allegations of law office failure (see Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d at 633; Ki Tae Kim v Bishop, 156 AD3d 776). Further, the plaintiff failed to provide a reasonable excuse for his delay of more than one year in moving to vacate the order (see 251 Gotham, LLC v Bank of N.Y. Mellon, 208 AD3d 540, 541; Nanas v Govas, 176 AD3d 956, 957; Ki Tae Kim v Bishop, 156 AD3d 776). Since the plaintiff failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious opposition to the defendants' motion for summary judgment (see Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 638).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 5015(a) to vacate the order dated May 20, 2019.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court