Kyung Aye Yoon v Haktung Lam (2023 NY Slip Op 06731)

Kyung Aye Yoon v Haktung Lam

2023 NY Slip Op 06731

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-07811
 (Index No. 710275/15)

[*1]Kyung Aye Yoon, et al., appellants, et al., plaintiff,
v
Haktung Lam, et al., respondents.

Andrew Park, P.C., New York, NY (Justin Yook of counsel), for appellant Jongseon Kim.
Goldberg, Miller & Rubin, P.C., New York, NY (Aran J. O'Gara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Jongseon Kim appeals, and the plaintiff Kyung Aye Yoon separately appeals, from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered October 13, 2020. The order, insofar as appealed from by the plaintiff Jongseon Kim, denied the motion of that plaintiff, inter alia, pursuant to CPLR 5015(a) to vacate her default in opposing that branch of the defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted by that plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and to vacate so much of an order of the same court (Salvatore Modica, J.) dated April 22, 2019, as granted that branch of the defendants' prior motion. The appeal by the plaintiff Kyung Aye Yoon was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order entered October 13, 2020, is affirmed insofar as appealed from by the plaintiff Jongseon Kim, with one bill of costs payable by that plaintiff.
The plaintiff Jongseon Kim (hereinafter the plaintiff), and others, commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated April 22, 2019, the Supreme Court granted the defendants' motion, which was unopposed.
The plaintiff thereafter moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate her default in opposing the defendants' motion and to vacate so much of the order dated April 22, 2019, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered October 13, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v [*2]250 Pac., LLC, 210 AD3d 1064, 1066, citing CPLR 5015[a]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Logan v 250 Pac., LLC, 210 AD3d at 1066). "In making such a determination, the court may excuse delay or default resulting from law office failure" (id.). "[L]aw office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated" (Beach 28 RE, LLC v Somra, 216 AD3d 610, 612 [internal quotation marks omitted]). "[M]ere neglect is not a reasonable excuse" (Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869 [internal quotation marks omitted]).
Here, the plaintiff's submissions in support of her motion, including, among other things, the affirmation of her attorney and her treating physician, failed to set forth a detailed and credible explanation for the plaintiff's failure to oppose the defendants' motion. The plaintiff's claim of law office failure was vague, conclusory, and constituted mere neglect, and thus, did not establish a reasonable excuse for her default (see Beach 28 RE, LLC v Somra, 216 AD3d at 612; New Penn Fin., LLC v Rubin, 207 AD3d 730, 732; Nationstar Mtge., LLC v Sobel, 179 AD3d 710, 712). Furthermore, the plaintiff failed to demonstrate a reasonable excuse for her lengthy delay in making her motion to vacate (see Bank of N.Y. Mellon v Geffrard, 215 AD3d 723, 724; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 647; Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 638).
Since the plaintiff failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated the existence of a potentially meritorious opposition (see Beach 28 RE, LLC v Somra, 216 AD3d at 612; 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 660).
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court