Zirrith v Rego (2024 NY Slip Op 04224)

Zirrith v Rego

2024 NY Slip Op 04224

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-08387
 (Index No. 611844/20)

[*1]Janine Zirrith, et al., respondents, 
v
Andrew Rego, appellant.

Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Richard A. DeMaio of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated August 16, 2022. The order denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered August 16, 2021, which, upon an order of the same court dated March 15, 2021, granting the plaintiffs' motion for leave to enter a default judgment against the defendant, and after an inquest on the issue of damages, is in favor of the plaintiff Janine Zirrith and against the defendant in the principal sum of $401,217.88.
ORDERED that the order dated August 16, 2022, is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment is granted, and the order dated March 15, 2021, is vacated.
In August 2020, the plaintiff Janine Zirrith (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries the injured plaintiff allegedly sustained when the defendant threw a bottle of liquor towards her, which struck her in the face. The plaintiffs asserted, among other things, causes of action alleging assault and negligence. The defendant failed to appear or answer the complaint, and in February 2021, the plaintiffs moved for leave to enter a default judgment against the defendant. By order dated March 15, 2021, the Supreme Court granted the plaintiffs' motion without opposition and directed an inquest on the issue of damages. On August 16, 2021, following an inquest, a judgment was entered in favor of the injured plaintiff and against the defendant in the principal sum of $401,217.88.
On November 3, 2021, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the judgment. By order dated August 16, 2022, the Supreme Court denied that branch of the defendant's motion. The defendant appeals.
"A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court'" (Byung Ha Lee v Mascarenas, 219 AD3d 928, 929, quoting [*2]Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). "'Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse'" (Cortazar v Cojam Constr., Inc., 222 AD3d 713, 714, quoting HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646; see CPLR 2005).
Here, the Supreme Court improvidently exercised its discretion in determining that the defendant failed to offer a reasonable excuse for his default. The defendant's submissions in support of his motion included an affirmation of the attorney who previously represented him, which set forth a detailed and credible explanation of the law office failure leading to the default in appearing and provided a reasonable excuse for the defendant's failure to appear or answer the complaint (see Sara's Studios, LLC v Sparkle World LLC, 217 AD3d 465, 466; Matter of Esposito, 57 AD3d 894, 895). With respect to the cause of action alleging assault, the defendant demonstrated the existence of a potentially meritorious defense, namely, that his conduct did not place the injured plaintiff in fear of harmful or offensive contact based on evidence that the injured plaintiff requested that the defendant throw the bottle of liquor to her (see Marilyn S. v Independent Group Home Living Program, Inc., 73 AD3d 892, 894). With respect to the cause of action alleging negligence, the defendant demonstrated the existence of a potentially meritorious defense of comparative negligence based on evidence that the plaintiff voluntarily placed herself in harm's way (see Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1182).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate judgment.
In light of our determination, the defendant's remaining contentions need not be reached.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court