Rajaram v Singh (2024 NY Slip Op 04333)

Rajaram v Singh

2024 NY Slip Op 04333

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-05251
2023-01689
 (Index No. 527716/19)

[*1]Danister K. Rajaram, appellant, 
v
Shanta Indradai Singh, etc., respondent.

Mark S. Friedlander, New York, NY, for appellant.
Harvey A. Herbert, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 1, 2022, and (2) an order of the same court dated December 19, 2022. The order and judgment, in effect, denied the plaintiff's motion, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated May 13, 2021, as granted that branch of the defendant's unopposed motion which was for leave to enter a default judgment against the plaintiff on the defendant's counterclaims, and is in favor of the defendant and against the plaintiff on the defendant's counterclaims. The order dated December 19, 2022, denied the plaintiff's motion, in effect, for leave to reargue his prior motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated May 13, 2021, as granted that branch of the defendant's unopposed motion which was for leave to enter a default judgment against the plaintiff on the defendant's counterclaims.
ORDERED that the appeal from the order dated December 19, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In December 2019, the plaintiff commenced this action, alleging that the defendant breached the terms of a stipulation of settlement. The defendant interposed an answer with counterclaims, to which the plaintiff did not reply. Thereafter, the defendant moved, inter alia, for leave to enter a default judgment against the plaintiff on the defendant's counterclaims, and the plaintiff did not oppose the motion. In an order dated May 13, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion. In October 2021, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated May 13, 2021, as granted that branch of the defendant's motion which was for leave to enter a default judgment against the plaintiff on the defendant's counterclaims, asserting an excuse of law office failure. In an order and judgment dated June 1, 2022, the court, in effect, denied the plaintiff's motion and awarded the relief sought in the defendant's counterclaims. The plaintiff appeals.
To vacate so much of the order dated May 13, 2021, as granted that branch of the defendant's motion which was for leave to enter a default judgment against the plaintiff on the defendant's counterclaims, "the plaintiff was required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious opposition" to that branch of the defendant's motion (Codrington v Churcher, 209 AD3d 626, 627; see CPLR 5015[a][1]). The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion (see Codrington v Churcher, 209 AD3d at 627; Ki Tae Kim v Bishop, 156 AD3d 776, 777). "[T]he court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d at 777; see Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 960).
The plaintiff's conclusory allegations of law office failure were insufficient to demonstrate a reasonable excuse for his default in this case (see Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960; Beach 28 RE, LLC v Somra, 216 AD3d 610, 612). Because the plaintiff failed to establish a reasonable excuse for his default, "it is not necessary to determine whether [he] demonstrated the existence of a potentially meritorious [opposition]" (Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960; see Beach 28 RE, LLC v Somra, 216 AD3d at 612).
The plaintiff's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court