Aslan Holdings Corp. v Schiff (2025 NY Slip Op 04225)

Aslan Holdings Corp. v Schiff

2025 NY Slip Op 04225

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08794
 (Index No. 602004/20)

[*1]Aslan Holdings Corp., et al., respondents,
v
Zvi Schiff, appellant, et al., defendants.

Rosenberg & Steinmetz P.C., Valley Stream, NY (Nathan Cohen and Rachelle Rosenberg of counsel), for appellant.
Shlomo Aslan, Lido Beach, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Zvi Schiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated September 5, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a)(1) to vacate so much of a judgment of the same court entered June 24, 2021, as, upon his failure to appear or answer the complaint, was in favor of the plaintiffs and against him and (2) for leave to interpose an answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiffs commenced this action against Zvi Schiff and other defendants, inter alia, to recover damages for breach of contract in connection with numerous real estate transactions. Schiff failed to appear or answer the complaint. In June 2021, the plaintiff obtained a default judgment against, among others, Schiff. In March 2023, Schiff moved, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as was in favor of the plaintiffs and against him and for leave to interpose an answer. The Supreme Court, inter alia, denied those branches of Schiff's motion. Schiff appeals.
A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Rodriguez v Target Corp., 235 AD3d 676, 677; Gilhuys v Trovato, 233 AD3d 963, 964). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Gilhuys v Trovato, 233 AD3d at 964 [internal quotation marks omitted]; see Byung Ha Lee v Mascarenas, 219 AD3d 928, 929).
Here, the Supreme Court providently exercised its discretion in determining that Schiff failed to demonstrate a reasonable excuse for his default in answering the complaint or appearing in the action. Schiff's conclusory and unsubstantiated claim that he was hampered by the restrictions imposed in response to the COVID-19 pandemic does not amount to a reasonable excuse (see American Cancer Socy., Inc. v Ashby, 228 AD3d 805, 807). Further, Schiff failed to establish that he had a reasonable excuse for his lengthy delay in moving to vacate the judgment (see Byung [*2]Ha Lee v Mascarenas, 219 AD3d at 929).
Since Schiff failed to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Medford, 234 AD3d 669; HSBC Bank USA, N.A. v Sanderson, 231 AD3d 1126, 1130).
Schiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in denying those branches of Schiff's motion which were pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as was in favor of the plaintiffs and against him and for leave to interpose an answer.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court