Feng Li v Changlin Xue (2025 NY Slip Op 04979)

Feng Li v Changlin Xue

2025 NY Slip Op 04979

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-01000
 (Index No. 714623/21)

[*1]Feng Li, appellant, 
v
Changlin Xue, et al., respondents.

Goetz Platzer LLP, New York, NY (David Gise of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, in effect, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated January 11, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, to compel the defendants to accept the plaintiff's late reply to the defendants' counterclaims.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, in effect, to recover damages for breach of contract. On November 1, 2021, the defendants interposed an answer with counterclaims. On September 6, 2022, the plaintiff filed a reply to the defendants' counterclaims, which the defendants rejected as untimely. On September 7, 2022, the plaintiff moved, among other things, in effect, to compel the defendants to accept the plaintiff's late reply to the defendants' counterclaims. In support of the motion, the plaintiff's counsel submitted an affirmation in which counsel explained that, after filing a request for judicial intervention on December 8, 2021, she placed the case file to "the side" awaiting the preliminary conference, and did not realize that the defendants' answer was filed with counterclaims. In an order dated January 11, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion.
"In seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims" (U.S. Bank N.A. v Gordon, 202 AD3d 871, 871; see CPLR 3012[d]; Beizer v Funk, 5 AD3d 619, 620). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 877, quoting Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886; see Bank of N.Y. Mellon v Ruci, 168 AD3d 799, 800). "Although a court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default, conclusory and unsubstantiated allegations of law office failure are insufficient to constitute a reasonable excuse" (Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171). Moreover "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see American Cancer Socy., Inc. v Ashby, 228 AD3d 805, 806-807).
Here, the Supreme Court providently exercised its discretion in denying that branch [*2]of the plaintiff's motion which was, in effect, to compel the defendants to accept the plaintiff's late reply to the defendants' counterclaims. The plaintiff's explanation of law office failure constituted mere neglect, and thus, did not establish a reasonable excuse for her default (see Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 960).
Since the plaintiff failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated the existence of potentially meritorious defenses to the defendants' counterclaims (see Beach 28 RE, LLC v Somra, 216 AD3d 610, 612; 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 660).
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court