Albano v Roehrig (2025 NY Slip Op 06839)

Albano v Roehrig

2025 NY Slip Op 06839

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-01507
 (Index No. 608504/22)

[*1]Anthony Albano, respondent, 
v
Heidi E. Roehrig, appellant.

Joseph, Terracciano & Lynam LLP, Syosset, NY (Janine T. Lynam and Peter J. Terracciano of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered October 30, 2023. The order denied the defendant's motion to vacate (1) a prior order of the same court dated January 25, 2023, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant, and (2) a judgment of the same court entered June 1, 2023, which, after an inquest on the issue of damages, was in favor of the plaintiff and against the defendant in the principal sum of $385,000.
ORDERED that the order entered October 30, 2023, is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the judgment, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered October 30, 2023, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new inquest on the issue of damages, and for the entry of an appropriate amended judgment thereafter.
On April 25, 2019, the plaintiff allegedly was injured while making an oil delivery to the defendant's home when he stepped into a sinkhole, causing him to twist his right foot and fall. In June 2022, the plaintiff commenced this action against the defendant to recover damages for personal injuries. Thereafter, the plaintiff moved for leave to enter a default judgment against the defendant based upon the defendant's failure to appear or answer the complaint. In an order dated January 25, 2023, the Supreme Court granted the plaintiff's unopposed motion.
On June 1, 2023, following an inquest on the issue of damages, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $385,000. The defendant subsequently moved to vacate the order dated January 25, 2023, and the judgment. In an order entered October 30, 2023, the court denied the defendant's motion. The defendant appeals.
"A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a [*2]potentially meritorious defense to the action" (Cerullo v City of New York, 230 AD3d 560, 561). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the [motion] court'" (Byung Ha Lee v Mascarenas, 219 AD3d 928, 929, quoting Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). Here, the Supreme Court providently exercised its discretion in determining that the defendant failed to demonstrate a reasonable excuse for her default in appearing or answering the complaint (see Austin 26 Dental Group, PLLC v Sino Northeast Metals [U.S.A.], Inc., 230 AD3d 545, 547). Since the defendant failed to establish a reasonable excuse for her default, we need not consider whether she demonstrated a potentially meritorious defense (see Simpson v Clough, 232 AD3d 645, 646).
Nevertheless, although this Court is not relieving the defendant of her default, "[a]n unwarranted and excessive award after inquest will not be sustained, as to do otherwise 'would be tantamount to granting the plaintiffs an open season at the expense of a defaulting defendant'" (Kokolis v Wallace, 202 AD3d 948, 950-951 [internal quotation marks omitted], quoting Neuman v Greenblatt, 260 AD2d 616, 617). Here, the plaintiff's vague testimony at the inquest was insufficient to determine to what extent the plaintiff's injuries were attributable to the subject accident and, therefore, whether the amount awarded was warranted. Thus, under the circumstances of this case, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the judgment, and we remit the matter to the Supreme Court, Nassau County, for a new inquest on the issue of damages, and for the entry of an appropriate amended judgment thereafter (see Quigley v Coco's Water Café, Inc., 43 AD3d 1132, 1133-1134).
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court