Tarrant v Martinez (2026 NY Slip Op 00397)

Tarrant v Martinez

2026 NY Slip Op 00397

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10157
 (Index No. 603787/17)

[*1]Kevin Tarrant, appellant, 
vJose Martinez, respondent.

John E. Lavelle Law Firm, P.C., Williston Park, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 14, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate a judgment of the same court entered May 9, 2019, upon his default in appearing or answering the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the judgment is denied.
In May 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries the plaintiff allegedly sustained when he tripped and fell on a sidewalk in the Village of Hempstead. The defendant failed to appear or answer the complaint. The plaintiff thereafter moved for leave to enter a default judgment against the defendant and, in an order entered July 16, 2018, the Supreme Court granted the plaintiff's unopposed motion. A judgment was thereafter entered on May 9, 2019, upon the defendant's default, in favor of the plaintiff and against the defendant.
In May 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment. In an order entered August 14, 2023, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"A defendant seeking to vacate a default in answering or appearing must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 951; see Biotek Servs., LLC v South Is. Med. Assoc., P.C., 216 AD3d 1079, 1080). Law office failure may qualify as a reasonable excuse for a party's default (see Columbus v Kourtei, 218 AD3d 531, 531-532; Sauteanu v BJ's Wholesale Club, Inc., 210 AD3d 922, 923). The claim of such failure must be supported by a credible and detailed explanation of the default (see Columbus v Kourtei, 218 AD3d at 531-532; Melendez v John P. Picone, Inc., 215 AD3d 665, 665-666). "'[C]onclusory and unsubstantiated allegations of law office failure are insufficient to constitute a reasonable excuse'" (Columbus v Kourtei, 218 AD3d at 532, quoting Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171; see Sutton v Syla, 223 AD3d 764, 766). Additionally, "'[m]ere neglect is not a reasonable excuse'" (Byung Ha Lee v Mascarenas, 219 AD3d 928, 929, quoting Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869).
Here, the defendant failed to demonstrate a reasonable excuse for his default. As the defendant acknowledged in an affidavit, despite having received multiple notices of this action and consulting with an attorney, he failed to appear in this action or answer the complaint. The defendant's unsubstantiated allegations of law office failure were unsupported by a credible and detailed explanation of the default (see id.; Columbus v Kourtei, 218 AD3d at 531-532; Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d at 1171).
Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense to the action (see Columbus v Kourtei, 218 AD3d at 532; Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d at 1171).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the judgment.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court