Tulloch v Barka

2026 NY Slip Op 03330

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Elena Tulloch, et al., appellants,

v

Mobarek Barka, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-00794, (Index No. 513310/18)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Janice A. Taylor

James P. McCormack, JJ.

Douglas & London, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellants.

Votto & Albee, PLLC (The Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for respondents Mobarek Barka and Yakov Kaplan.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated November 16, 2023. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated June 16, 2023, as granted those branches of the separate unopposed motions of the defendants Mobarek Barka and Yakov Kaplan and the defendant Jaswinder Singh which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff Elena Tulloch did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.

ORDERED that the order dated November 16, 2023, is affirmed insofar as appealed from, with costs payable to the defendants Mobarek Barka and Yakov Kaplan.

The plaintiff Elena Tulloch, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries that Tulloch allegedly sustained in a motor vehicle accident. The defendants Mobarek Barka and Yakov Kaplan and the defendant Jaswinder Singh separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that Tulloch did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The parties thereafter executed a stipulation extending the plaintiffs' deadline to oppose the motions until April 18, 2022. The plaintiffs failed to file their opposition papers by this date, and in an order dated June 16, 2023, the Supreme Court granted the defendants' unopposed motions. The plaintiffs subsequently moved, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated June 16, 2023, as granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated November 16, 2023, the court, inter alia, denied that branch of the plaintiffs' motion. The plaintiffs appeal.

"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066; see CPLR 5015[a]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Logan v 250 Pac., LLC, 210 [*2]AD3d at 1066; see Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 960). In making such a determination, the court may excuse delay or default resulting from law office failure (see CPLR 2005; Logan v 250 Pac., LLC, 210 AD3d at 1066). However, "[m]ere neglect is not a reasonable excuse" (Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869 [internal quotation marks omitted]; see Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960).

Here, the Supreme Court providently exercised its discretion in declining to vacate the plaintiffs' default in opposing the defendants' motions. The plaintiffs' counsel asserted by affirmation in support of the motion that the law firm's "office" inadvertently calendared the return date of the defendants' motions one week later than the actual return date. The vague and conclusory allegations of law office failure did not constitute a reasonable excuse for the plaintiffs' default in opposing the defendants' motions (see Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960; Chowdhury v Weldon, 185 AD3d 649, 650). Further, as the stipulation executed by the parties explicitly set forth the deadline for the plaintiffs to file their opposition papers, counsel's neglect did not constitute a reasonable excuse (see Melamed v Adams & Co. Real Estate, LLC, 208 AD3d at 869; Ki Tae Kim v Bishop, 156 AD3d 776, 778).

Since the plaintiffs failed to proffer a reasonable excuse for their default, this Court need not address whether they demonstrated a potentially meritorious opposition to the defendants' motions (see Melamed v Adams & Co. Real Estate, LLC, 208 AD3d at 869; Ki Tae Kim v Bishop, 156 AD3d at 778).

The parties' remaining contentions are without merit.

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court