Fagan v State of New York
2026 NY Slip Op 03425
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Susan Fagan, appellant,
v
State of New York, respondent. (Claim No. 137453)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-09392
Cheryl E. Chambers, J.P.
Deborah A. Dowling
Lillian Wan
Elena Goldberg Velazquez, JJ.

Napoli Shkolnik, PLLC (Christopher Gladd and Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Andrew J. Fisher, and Nicholas Bruno], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and David Lawrence III of counsel), for respondent.

[*1]
DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Carmen Victoria St. George, J.), dated August 16, 2024. The order, insofar as appealed from, denied that branch of the claimant's motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated May 16, 2024, granting the unopposed motion of the defendant for summary judgment dismissing the claim.
ORDERED that the order dated August 16, 2024, is affirmed insofar as appealed from, with costs.
The claimant commenced this claim to recover damages for personal injuries she allegedly sustained while riding her bicycle on a sidewalk in the Town of Huntington. The defendant moved for summary judgment dismissing the claim. The claimant did not oppose the motion. In an order dated May 16, 2024, the Court of Claims granted the defendant's unopposed motion.
Thereafter, the claimant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated May 16, 2024. In an order entered August 16, 2024, the Court of Claims, among other things, denied that branch of the claimant's motion. The claimant appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (M. Marin Restoration, Inc. v Filasky, 219 AD3d 824, 825; see Kyung Aye Yoon v Haktung Lam, 222 AD3d 959, 959-960). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960 [internal quotation marks omitted]; see Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246). "In making such a determination, the court may excuse delay or default resulting from law office failure" (Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960 [internal quotation marks omitted]; see CPLR 2005; Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 814). "However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, [*2]conclusory, and unsubstantiated" (Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814 [internal quotation marks omitted]; see Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960). "'[M]ere neglect is not a reasonable excuse'" (Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960, quoting Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867, 869; see Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814).
Here, the claimant's proffered excuse of law office failure was vague, conclusory, and constituted mere neglect and, thus, did not establish a reasonable excuse for her default (see Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d at 814; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 993; cf. Quercia v Silver Lake Nursing Home, Inc., 176 AD3d at 1246).
Since the claimant failed to establish a reasonable excuse for her default, it is not necessary to determine whether she demonstrated the existence of a potentially meritorious opposition (see Kyung Aye Yoon v Haktung Lam, 222 AD3d at 960; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 993).
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court